IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JOHNNY HENNINGTON and
VIKKI M. HENNINGTON                                                                  PLAINTIFFS

v.                                        Case No. 1:18-cv-1009

FIRST NATIONAL BANK OF
CROSSETT and WELLS FARGO
BANK, N.A.                                                                           DEFENDANTS

## ORDER

Before the Court is the Unopposed Motion to Stay Deadlines Pending Ruling of Motions for Summary Judgment filed by Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). (ECF No. 36). The Court finds that no response is necessary and that the matter is ripe for consideration.

On August 22, 2018, Wells Fargo filed a motion for summary judgment. On August 27, 2018, Defendant First National Bank of Crossett adopted and joined in the summary judgment motion. On October 1, 2018, Plaintiffs filed a response in opposition to the motion for summary judgment. Plaintiffs' response also included their own motion for summary judgment. On October 29, 2018, Wells Fargo responded to Plaintiffs' motion for summary judgment and filed another motion for summary judgment, asserting that Plaintiffs' hybrid response/summary judgment motion raised claims for the first time that were not set forth in their complaint, and seeking summary judgment on those newly raised claims. Briefing for the three summary judgment motions has been completed and the bench trial of this matter is currently set for the week of February 11, 2019.

On December 11, 2018, Wells Fargo filed the instant motion, seeking to stay all pre-trial deadlines until the Court rules on the three pending summary judgment motions.[1] Wells Fargo states

---

[1] Specifically, Wells Fargo notes that the deadline for the parties' pre-trial disclosures is December 27, 2018, and that the deadline for submission of proposed findings of fact and conclusions of law is January 28, 2019.

that if the Court grants its motions for summary judgment, the case will conclude and the parties will have no need to prepare for trial. Accordingly, Wells Fargo requests a stay of all pre-trial deadlines and asks that the Court issue new pre-trial deadlines if any claims remain after the pending summary judgment motions are ruled on.

A court's scheduling order "may be modified only for good cause and with the [district] judge's consent." Fed. R. Civ. P. 16(b)(4). The instant motion for a stay proposes a modification to the parties' pre-trial deadlines, which are set out in the Court's Final Scheduling Order. Specifically, the motion asks the Court to stay the parties' pre-trial deadlines and, if necessary, to later reset those deadlines.

Upon consideration, the Court finds that good cause has not been shown for the motion. The Court declines the parties' invitation to stay all pre-trial deadlines while leaving the current trial setting intact. The Court can make no assurances as to when it will rule on the three pending summary judgment motions. If, however, the Court rules on the summary judgment motions after December 27, 2018—the first pre-trial deadline specifically contemplated by the parties—that deadline, at minimum, will need to be reset. Any reset pre-trial deadlines will leave the parties with a truncated timeframe in which to comply with their pre-trial obligations. So long as the current trial setting remains and absent a continuance, the Court declines to grant the relief sought by the parties in the instant motion. Should the parties wish to file a motion for a continuance of the trial of this matter—which, if granted, would necessarily involve resetting the pre-trial deadlines—the Court would entertain such a motion.

For the above-stated reasons, the Court finds that Wells Fargo's motion (ECF No. 36) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 17th day of December, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge