IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JOHNNY HENNINGTON and
VIKKI M. HENNINGTON                                                            PLAINTIFFS


v.                                         Case No. 1:18-cv-1009


FIRST NATIONAL BANK OF
CROSSETT and WELLS FARGO
BANK, N.A.                                                                     DEFENDANTS

# MEMORANDUM OPINION

Before the Court is the Motion for Summary Judgment filed by Separate Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). (ECF No. 16). Separate Defendant First National Bank of Crossett ("First National") has adopted and joined in the motion. (ECF No. 19). Plaintiffs Johnny Hennington and Vikki M. Hennington ("Mr. Hennington" and "Mrs. Hennington" or, collectively, "the Henningtons") have responded. (ECF No. 24). Wells Fargo has replied. (ECF No. 27).

Also before the Court is the Henningtons' Countermotion for Summary Judgment. (ECF No. 24). Wells Fargo has responded.[1] (ECF No. 28). The Henningtons have replied. (ECF No. 33). The Court finds that these matters are ripe for consideration.

## I. BACKGROUND

On August 24, 2012, Mr. Hennington traveled to a law office in Hamburg, Arkansas, and signed a mortgage and note in connection with a loan, putting up as collateral his property located

---

[1] In its response to the Henningtons' summary judgment motion, Wells Fargo states that the Henningtons raise new claims that were not previously asserted. Thus, Wells Fargo moves in its response brief for summary judgment on those claims. It appears that the Henningtons responded to Wells Fargo's second summary judgment motion in their reply brief supporting their own summary judgment motion. (ECF No. 34). Wells Fargo filed a reply. (ECF No. 35). Ultimately, however, it will be unnecessary for the Court to address Wells Fargo's second summary judgment motion, for the reasons discussed in detail below. As such, any reference in this Memorandum Opinion to Wells Fargo's summary judgment motion pertains to its first summary judgment motion. (ECF No. 16).

at 140 Timberbend Drive, Crossett, Arkansas, 71635 (the "collateral property"). Afterwards, Mr. Hennington received a call from the law office and was informed that his wife, Mrs. Hennington, must also sign the loan documents pursuant to state law. Mr. Hennington returned to the law office with Mrs. Hennington, and she signed the mortgage and note without reading the documents, despite having the opportunity to do so.

On June 9, 2015, the mortgage and note were assigned to Wells Fargo. On June 29, 2015, Mr. Hennington filed a Chapter 7 Voluntary Petition in the United States Bankruptcy Court for the Western District of Arkansas. On October 7, 2015, the bankruptcy court entered a debtor-discharge order in Mr. Hennington's bankruptcy case. Mr. Hennington did not reaffirm or redeem his mortgage debt with Wells Fargo in the bankruptcy filings.[2] Wells Fargo filed a motion for relief from stay and motion to abandon in the bankruptcy case and, on October 19, 2015, the bankruptcy court granted Wells Fargo's motion for abandonment of the collateral property. In doing so, the bankruptcy court stated that the collateral property was abandoned from Mr. Hennington's bankruptcy estate and that Wells Fargo was free to pursue state-law remedies against the collateral property.

On September 5, 2017, Wells Fargo hired Wilson & Associates, P.L.L.C. ("Wilson & Associates") as its attorney-in-fact to foreclose on the collateral property due to the Henningtons' continued default. On December 6, 2017, the collateral property was sold at a foreclosure sale and was purchased by Separate Defendant First National Bank of Crossett for $140,218.97. On December 14, 2017, the mortgagee's deed was recorded with the Circuit Clerk for Ashley County,

---

[2] "A bankruptcy discharge extinguishes only the debtor's personal liability; a secured creditor's right to foreclose on loan collateral, such as a mortgage on the debtor's residence, survives or passes through the bankruptcy." *Venture Bank v. Lapides*, 800 F.3d 442, 445 (8th Cir. 2015) (internal quotation marks omitted). "When a debtor's schedule of assets includes debts secured by property of the bankruptcy estate, the debtor must file a statement of his intent to surrender or retain the property and, if he elects to retain non-exempt property, whether he will redeem the property (i.e., pay off the secured loan before discharge) or reaffirm debts secured by such property." *Id.* (internal quotation marks omitted).

Arkansas. To date, the Henningtons continue to reside in the collateral property despite the foreclosure.

On December 28, 2017, the Henningtons filed this case in the Circuit Court of Ashley County, Arkansas, seeking to vacate the foreclosure sale and quiet title as to the collateral property on two bases: (1) because Mrs. Hennington was not provided with proper notice and disclosures under the Truth in Lending Act ("TILA") when she signed the mortgage documents on August 24, 2012, and (2) because the foreclosure sale of the collateral property did not strictly comply with the provisions of Arkansas' foreclosure statutes, codified at Ark. Code Ann. § 18-50-101, *et seq*. On January 30, 2018, Wells Fargo removed the case to this Court pursuant to 28 U.S.C. § 1441, asserting that the Court possesses original, federal question jurisdiction over the Henningtons' TILA claim and supplemental jurisdiction over their state-law claim.

Wells Fargo now moves for summary judgment, contending that the Henningtons' state-law claim fails because it was not brought before the foreclosure sale and, alternatively, because the Henningtons cannot show that Wells Fargo failed to comply with Arkansas' applicable foreclosure statutes. Wells Fargo also argues that the Henningtons' TILA claim fails for various reasons. The Henningtons oppose the motion and have filed a countermotion for summary judgment, asserting that Wells Fargo failed to strictly comply with Arkansas' foreclosure statutes.

## II. LEGAL STANDARD

The standard for summary judgment is well established. When a party moves for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). This is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual

issues that properly can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material only when its resolution affects the outcome of the case. *Id.* at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id.* at 252.

In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op*, 446 F.3d 841, 845 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. However, a party opposing a properly supported summary judgment motion "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

### III. DISCUSSION

As a preliminary matter, the Court must address the Henningtons' statement of disputed facts, filed as part of their opposition papers to Wells Fargo's summary judgment motion. Federal Rule of Civil Procedure 56(e) states that a court may deem undisputed a moving party's assertion of fact if it is not properly controverted by the nonmoving party pursuant to Rule 56(c). Similarly, Local Rule 56.1(c) states that all material facts asserted in the moving party's statement of facts shall be deemed admitted if they are not controverted by the nonmoving party's own statement of facts. Federal Rule of Civil Procedure 56(c)(1) provides that a party asserting a genuine dispute

of material fact must support the assertion by either citing to materials in the record or by showing that the cited materials do not establish the absence or presence of a genuine dispute.

The Henningtons fail to properly controvert Wells Fargo's asserted facts under Federal Rule of Civil Procedure 56(c) and Local Rule 56.1. The Henningtons' statement of facts purports to dispute two of Wells Fargo's asserted facts and also contains two numbered statements of undisputed material fact for their own summary judgment motion. The Henningtons' statement of facts, however, contains no citations to the record as required by Rule 56(c)(1), and fails to demonstrate that Wells Fargo's cited materials do not establish the absence or presence of a genuine dispute. Moreover, the only evidence provided by the Henningtons in briefing the instant summary judgment motions are the separate affidavits of Mr. and Mrs. Hennington, which the Court has independently reviewed. The Court finds that the Henningtons' statement of disputed fact fails to comply with the requirements of Rule 56(c) and Local Rule 56.1. Accordingly, all facts asserted in Wells Fargo's statement of facts that are not contradicted by the Henningtons' affidavits are deemed admitted for summary judgment purposes. *See Chaffin v. City of Fort Smith*, No. 2:05-cv-2061-JLH, 2005 WL 3805977, at *1 (W.D. Ark. Oct. 19, 2005).

The Court will now turn to Wells Fargo's motion. (ECF No. 16). If necessary, the Court will then take up the Henningtons' crossing motion for summary judgment. (ECF No. 24).

**A. Wells Fargo's Motion**

Wells Fargo argues that it is entitled to summary judgment on the Henningtons' claims. The Court will first address the Henningtons' TILA claim and then will address their state-law claim.

**1. TILA Claim**

The Henningtons seek to vacate the foreclosure sale on the basis that Mrs. Hennington was

not given all notices and disclosures required by TILA when she signed the mortgage and loan documents on August 24, 2012. Wells Fargo argues that the Henningtons' TILA claim is time barred by the statute of limitations and, alternatively, fails on the merits.

"Congress passed [TILA] . . . to help consumers avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing." *Jesinoski v. Countrywide Home Loans, Inc.*, ___ U.S. ___, 135 S. Ct. 790, 791-92 (2015). To this end, TILA provides in relevant part:

> [I]n the case of any consumer credit transaction . . . in which a security interest . . . will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section.

*Dunn v. Bank of Am. N.A.*, 844 F.3d 1002, 1005 (8th Cir. 2017) (quoting 15 U.S.C. § 1635(a)). Except where otherwise provided by statute, the creditor is required to "clearly and conspicuously disclose . . . to any obligor . . . [their] rights under this section." *Id.*

TILA grants borrowers "an unconditional right to rescind for three days, after which they may rescind only if the lender failed to satisfy TILA's disclosure requirements." *Jesinoski*, 135 S. Ct. at 792. However, the right to rescission under TILA does not last forever. "Even if a lender *never* makes the required disclosures, the 'right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first.'" *Id.* (quoting 15 U.S.C. § 1635(f)) (emphasis in original). A transaction is consummated for the purposes of TILA when the loan documents are executed. *Gaona v. Town & Country Credit*, 324 F.3d 1050, 1054 (8th Cir. 2003).

Wells Fargo argues that the Henningtons' TILA claim is time barred because this case was filed years after the expiration of TILA's three-year statute of limitations for rescission. Wells

Fargo argues that the Henningtons signed the mortgage and loan documents on August 24, 2012, and the three-year period for them to seek to rescind the mortgage pursuant to TILA ended on August 24, 2015. Wells Fargo argues further that the Henningtons filed this case on December 29, 2017, over two years after the expiration of the statute of limitations for TILA rescission. Thus, Wells Fargo concludes that summary judgment is proper as to the Henningtons' TILA claim because it is time barred.

The Henningtons do not respond to Wells Fargo's arguments for summary judgment on their TILA claim. Thus, the Court assumes that they have abandoned their TILA claim. *See Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009) ("[F]ailure to oppose a basis for summary judgment constitutes waiver of that argument."); *Chipman v. Cook*, No. 3:15-cv-143-KGB, 2017 WL 1160585, at *7 (E.D. Ark. Mar. 28, 2017) (finding that failure to address a summary judgment argument on a particular claim is a waiver of that claim); *see also Allen v. Missouri*, No. 4:11-cv-2224-JAR, 2013 WL 2156259, at *12 (E.D. Mo. May 17, 2013) (construing the plaintiff's failure to respond to the defendant's summary judgment motion regarding certain claims as the plaintiff's abandonment of those claims). Accordingly, the Court finds that Defendants are entitled to summary judgment on the Henningtons' abandoned TILA claim.

Even if the Court assumes *arguendo* that the Henningtons have not abandoned their TILA claim, the claim is time barred. Wells Fargo correctly notes that the statute of limitations to seek rescission under TILA is three years, measured from the date the transaction occurs or the date the property is sold, whichever occurs first. *Jesinoski*, 135 S. Ct. at 792. The undisputed facts of this case show that the transaction occurred first, as the Henningtons signed the mortgage and loan documents on August 24, 2012. Although the filing of a lawsuit is not required to exercise the

7

right to rescission under TILA, *see id.* at 793 (stating that the right to rescission may be exercised by mailing written notice to the lender), the Henningtons provide neither argument nor evidence that they mailed written notice of intent to rescind the loan within three years of August 24, 2012, or that they provided Wells Fargo with such a written notice at all. It is further undisputed that the Henningtons filed the case at bar on December 27, 2017, more than two years after the three-year TILA limitations period expired. Thus, no evidence before the Court demonstrates that the Henningtons acted to rescind the loan—whether by providing written notice or by filing a lawsuit—within three years of August 24, 2012.[3] Accordingly, the Court finds that the Henningtons' federal TILA claim is time barred and should be dismissed.

**2. State-Law Claim**

The Henningtons also seek to vacate the foreclosure sale on the basis that Wells Fargo did not strictly comply with the foreclosure provisions of Ark. Code Ann. § 18-50-101, *et seq.* Wells Fargo contends that it is entitled to summary judgment on this claim. For the following reasons, the Court declines to reach this issue.

"[D]istrict courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). A court may decline to exercise supplemental jurisdiction over state claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In other words, once a federal court dismisses all claims

---

[3] The Court notes that "[t]he doctrine of fraudulent concealment could equitably toll the [TILA] limitations period . . . such that the period would begin to run, not at the time that the credit transaction was consummated, but from the date on which the borrower discovers or has a reasonable opportunity to discover the fraud involving the complained-of TILA violation." *Petersen*, 2010 WL 3893797, at *5. The Henningtons do not argue or provide evidence that anyone fraudulently concealed the alleged TILA violation such that the applicable TILA limitations period should be tolled, nor does their complaint plead—with particularity pursuant to Federal Rule of Civil Procedure 9(b) or otherwise—facts indicating the same. Accordingly, the Court finds no argument or evidence currently before it to justify equitable tolling of the TILA limitations period.

over which it has original jurisdiction, the court maintains discretion to either dismiss or remand any remaining state-law claims or keep them in federal court. *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 599 (8th Cir. 2002).

To be clear, the Court certainly has the power to exercise supplemental jurisdiction over the Henningtons' remaining state-law claim even though the TILA claim—the sole federal claim in this case—has been resolved. *See Osborn v. Haley*, 549 U.S. 225, 245 (2007). However, the question is whether the Court should exercise that power in this case. When determining whether to exercise supplemental jurisdiction, the Court must consider factors such as judicial economy, convenience, fairness, and comity. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988); *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1249 (8th Cir. 2006) (per curiam). In the Eighth Circuit, the preference is for a court to decline to exercise supplemental jurisdiction when all federal claims have been eliminated before trial. *Johnson v. City of Shorewood, Minn.*, 360 F.3d 810, 819 (8th Cir. 2004) ("'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'") (quoting *Cohill*, 484 U.S. at 350 n.7); *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011). This preference is rooted in a desire to avoid encroaching upon a state court's jurisdiction over matters of state law. *See Curtis v. Sears, Roebuck & Co.*, 754 F.2d 781, 786-87 (8th Cir. 1985) (explaining that exercising jurisdiction over purely state law claims is disfavored and noting that "if the federal court goes ahead and tries the state-law claim, it will conduct a full-blown trial and enter judgment on a claim over which it could not constitutionally have been given independent jurisdiction"). In addressing issues of supplemental jurisdiction, the United States Supreme Court has stated that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote

9

justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Gregoire v. Class*, 236 F.3d 413, 420 (8th Cir. 2000) (stating that "[w]e stress the need to exercise judicial restraint and avoid state law issues wherever possible").

In this case, the Court's original jurisdiction is based on a federal question presented by the Henningtons' TILA claim. However, as discussed above, the Court has found that the Henningtons' TILA claim should and will be dismissed. The Henningtons' remaining claim does not involve a federal question, but rather depends on the Court's exercise of supplemental jurisdiction. It is undisputed that the Henningtons' state-law claim depends solely on determinations of state law. The state-law claim—that Wells Fargo failed to strictly comply with Arkansas' applicable foreclosure statutes when foreclosing on the collateral property—is based on an independent theory of recovery that is wholly separate from the Henningtons' federal cause of action that Mrs. Hennington did not receive all required TILA disclosures when signing the mortgage documents on August 24, 2012.

Under these circumstances, the Court finds that it would be inappropriate to exercise supplemental jurisdiction over the Henningtons' remaining state-law claim. *See Curtis*, 754 F.2d at 785 (stating that exercising supplemental jurisdiction is likely improper when dealing with state-law claims that could have been asserted on their own without raising any theory of recovery under federal law). Accordingly, pursuant to 28 U.S.C. § 1367(c)(3), the Court exercises its discretion to reject supplemental jurisdiction in this case. *See D.J.M. ex rel. D.M. v. Hannibal Pub. Sch. Dist. No. 60*, 647 F.3d 754, 767 (8th Cir. 2011) (authorizing a federal district court with federal question jurisdiction to remand remaining state-law claims after granting summary judgment on all federal claims). The Court believes that it is appropriate to remand the Henningtons' remaining state-law claim to the Circuit Court of Ashley County, Arkansas, as that claim arises under state law and

will best be tried in state court. *Stephens v. Stephens*, No. 1:08-cv-1026-HFB, 2008 WL 2561593, at *1 (W.D. Ark. June 24, 2008). Accordingly, the Court finds that the Henningtons' state-law claim should be remanded back to the state court from which it was removed.

### B. The Henningtons' Motion

Because the Court has found above that the Henningtons' sole federal claim should be dismissed and that the remaining state-law claim should be remanded, the Court finds it unnecessary to take up the Henningtons' crossing motion for summary judgment, which only addresses the state claim.

### IV. CONCLUSION

For the above-stated reasons, the Court finds that Wells Fargo's Motion for Summary Judgment (ECF No. 16) should be and hereby is **GRANTED** insofar as it requests dismissal of the Henningtons' TILA claim. The Henningtons' TILA claim is hereby **DISMISSED WITH PREJUDICE**. The Court declines to exercise supplemental jurisdiction over the Henningtons' remaining state-law claim and, thus, the Clerk of Court is directed to immediately **REMAND** this case to the Circuit Court of Ashley County, Arkansas, for adjudication of the Henningtons' state-law claim. A separate Judgment consistent with this Memorandum Opinion will be entered.

**IT IS SO ORDERED**, this 18th day of March, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge